IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| | * | |
| | * | |
| ALAN D HEANEY AND | * | |
| LURLENE R. HEANEY, | * | |
| | * | |
| v. | * | Civil No. JFM-14-1002 |
| | * | |
| QUICKEN LOANS, INC., et al., | * | |
| | * | |
| | ****** | |

**MEMORANDUM**

Plaintiffs Alan and Lurlene Heaney ("the Heaneys") seek relief from defendants Quicken

Loans, Inc. ("Quicken"), Bank of America, N.A. ("BANA"), Mortgage Electronic Registration

Systems, Inc. ("MERS"), and Safeguard Properties ("Safeguard") for alleged lack of standing,

violations of the Truth in Lending Act ("TILA"), Home Ownership and Equity Protection Act

("HOEPA"), Real Estate Settlement Procedures Act ("RESPA), rescission, negligence, and

breach of contract.  In response to defendants' motions to dismiss, the Heaneys now move for

leave to amend their complaint.  The parties have fully briefed the issues and no oral argument is

necessary.  *See* Local Rule 105.6.  For the reasons set forth below, the motion to amend is denied

and BANA / MERS' and Quicken's motions to dismiss are granted.[1]

---

[1] Plaintiffs have filed a motion to extend the time to serve another defendant, Ginnie Mae
Remic Trust 2008-096.  (The motion also appears to relate to Safeguard, but Safeguard has
joined in the motion to dismiss upon which I am ruling.)  Because plaintiffs' claim against
Ginnie Mae is fatally flawed for the same reason as their claims against the other
defendants, the motion for extension of time is denied.  Of course, if plaintiffs appeal my
ruling and my ruling is reversed, the motion can be revisited.

**BACKGROUND**

The parties do not dispute the core facts of the case and all reasonable inferences are drawn in the Heaneys' favor.

On September 10, 2008, the Heaneys executed a promissory note ("Note") in favor of Quicken Loans in the amount of $298,890.00.  The loan related to the Heaneys' real property at 1536 East Clement Street, Baltimore, Maryland 21230.  In order to secure the loan against the property, the Heaneys also executed a Deed of Trust in favor of MERS, which was designated as Quicken's nominee.  The Deed of Trust permits the lender to initiate foreclosure proceedings on the property in the event of the borrower's default.   On April 13, 2013, MERS assigned its interest in the Deed of Trust to BANA, which became the servicer of the Heaneys' loan.

Unable to meet their payment obligations, the Heaneys allegedly requested a loan modification in June or July of 2012; this request was denied.  Although the Heaneys then sought to sell their property, they allege that pervasive mold and water damage in the property's basement derailed prospective buyers.  According to the Heaneys, the mold developed in the spring of 2013 after BANA hired Safeguard to winterize the house.  Unable to avail themselves of either a loan modification or sale, the Heaneys subsequently defaulted on their loan payments.  As a result, BANA notified the Heaneys of its intent to foreclose on the property on August 2, 2013.  Despite this warning, there is no current foreclosure action pending with respect to the Heaneys' property.

In the meantime, in October 2013, the Heaneys submitted a qualified written request ("QWR") to BANA, which, the Heaneys allege, requested information regarding the identity of the current owner or holder of the Note.  In a response letter dated October 16, 2013, BANA

observed that, although certain aspects of the Heaneys' correspondence constituted a valid QWR, the bank declined to address the requests that did not trigger an obligation under RESPA.

Because they allege that MERS' assignment of the Deed of Trust to BANA, unaccompanied by any transference of the Note, created an imperfect securitization and imperfect chain of title rendering the Note and Deed of Trust invalid, the Heaneys filed a complaint in the Circuit Court of Baltimore City on February 5, 2014, ostensibly seeking to derail a future foreclosure action involving their property.  In their form complaint, the Heaneys asserted eleven claims against the various defendants, seeking both compensatory and punitive damages for: lack of standing to foreclose, fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, slander of title, quiet title, declaratory relief, violation of TILA and HOEPA, violation of RESPA, rescission and negligence.   On April 1, 2014, BANA and MERS removed the action to this court.  BANA, MERS, and Quicken then filed respective motions to dismiss.[2]   In response, the Heaneys moved to amend their complaint on June 24, 2014, seeking to (1) eliminate several counts from the original complaint, and (2) introduce a claim for breach of contract against BANA and Safeguard.  BANA, MERS and Quicken oppose the motion.

**STANDARD**

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend "shall be freely given when justice so requires."  *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. Rule. Civ. Proc. 15(a)(2)).  As a result, the court should deny leave to amend only "where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v.*

---

[2] The Heaneys have also moved for extension of time to serve defendants Ginnie Mae and Safeguard.  (ECF No. 42).

*Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).  A review for futility, however, "is not equivalent to an evaluation of the underlying merits of the case." *Next Generation Grp. v. Sylvan Learning Ctrs., LLC.*, CCB-11-0986, 2012 WL 37397, at *3 (D.Md. Jan. 5, 2012).   Instead, an amendment is futile when it "is clearly insufficient or frivolous on its face, or if the amended claim would still fail to survive a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6)." *Johnson v. Oroweat Foods, Co.*, 785 F.2d 503, 510 (4th Cir. 1986); *El-Amin v. Blom*, No. CCB-11-3424, 2012 WL 2604213, at *11 (D.Md. July 5, 2012) (internal citations and quotation marks omitted).

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  Thus, the plaintiff's obligation is to set forth sufficiently the "grounds of his entitlement to relief," offering more than "labels and

conclusions." *Id.* (internal quotation marks and alterations omitted).  "[W]here the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*,

556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).


## ANALYSIS

In their proposed amended complaint, the Heaneys allege (1) lack of standing to foreclose

as to BANA, MERS and Quicken; (2) violations of TILA, HOEPA and RESPA as to Quicken;

(3) a claim for rescission; and (4) negligence and breach of contract as to BANA and Safeguard.

BANA, MERS and Quicken oppose the plaintiffs' motion for leave to amend on the ground that

the Heaneys' prospective amendments are futile.   Among other things, the defendants argue that

(1) the Heaneys' "lack of standing to foreclose" claim is misplaced because the defendants are

not seeking affirmative relief; (2) the securitization of the Note did not separate it from the Deed

of Trust or result in an imperfect chain of title; (3) the Heaneys have not alleged the requisite

facts to state a claim under TILA, HOEPA or RESPA; (4) the economic loss rule bars the

Heaneys' negligence claims; and (5) BANA had no duty to protect the Heaneys' property from

imperfect winterization.  I will address each argument in turn.


### I.      Count I: Lack of Standing to Foreclose

Because BANA notified the Heaneys of its intent to foreclose in August of 2013, the

Heaneys maintain that their claim against BANA, MERS and Quicken for lack of standing is

ripe, despite the fact that there is no foreclosure action currently pending.  According to the

defendants, however, in light of the fact that (1) the Heaneys have brought suit against

5

defendants—not the other way around—and (2) the defendants are not seeking affirmative relief, the Heaneys' claim for lack of standing cannot survive dismissal under Rule 12(b)(6).  I agree.

As the defendants correctly point out, after confronting this precise issue on multiple occasions, courts in this district have repeatedly concluded that a claim for lack of standing is not viable where a defendant has not sought affirmative relief.  *See generally, e.g.*, *Simmons v. Bank of America, N.A.*, 13-0733, 2014 WL 509386, at \*3 (D.Md. Feb. 6, 2014); *Somarriba v. Greenpoint Mortgage Funding, Inc.*, 13-cv-072 RWT, 2013 WL 5308286 (D.Md. Sept. 19, 2013); *Blum v. Fremont Investment and Loan*, WMN-13-57, 2012 WL 2137962 (D.Md. Jun. 12, 2012); *Suss v. JP Morgan Chase Bank, N.A.*, No. WMN-09-1627, 2009 WL 2923122, at \*4 (D.Md. Sept. 10, 2009).   Here, the Heaneys have not sought injunctive or declaratory relief;[3] instead, they seek to recover damages for the defendants' alleged violations.   Defendants, meanwhile, are simply defending a suit brought against them; given this, and the weight of decisions in this district, I agree that the Heaneys have failed to state a claim for lack of standing to foreclose against BANA, MERS and Quicken.   Because the Heaneys' proposed amendment does not enable their claim to survive the defendants' motions to dismiss, it is futile.[4]

Accordingly, the Heaneys' motion for leave to amend is denied as to Count I.

---

[3] For the reasons explained below, however, *see infra* note 3, even if they had sought equitable remedies instead of a claim for damages, the Heaneys likely would not qualify for injunctive relief—preliminary or permanent—given its requirements that a plaintiff first demonstrate the merits of his underlying claim.  *See, e.g.*, *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987) (articulating that plaintiffs seeking an injunction must establish success on the merits);  *W.Va. Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009) (reiterating the elements of a preliminary injunction).

[4] I need not address, therefore, the Heaneys' contention that BANA, MERS and Quicken lack standing to foreclose based on the alleged separation of the Note and Deed of Trust caused by MERS' assignment of the Deed of Trust to BANA.  I will observe, however, that— notwithstanding the Heaneys' allegations that (1) there was no transfer of the Note; (2) the Deed of Trust follows the assignment of a Note but not the other way around; and (3) the resulting

## II.     Counts II, III and IV:  The Heaneys' TILA, RESPA and Rescission Claims against Quicken

### A.  Violation of TILA, 15 U.S.C. § 1601, et seq.

In their proposed amended complaint, the Heaneys allege that Quicken violated TILA by failing to provide the plaintiffs with (1) the  "accurate material disclosures" required by the statute and (2) "more advantageous" loan products for the Heaneys to consider as alternatives. (Amended Compl. ¶ 63; ECF No. 29-2).   The Heaneys further allege that, because Quicken failed to provide the "required disclosures and notices," the plaintiffs did not learn of these violations until November 13, 2013.  According to the Heaneys, TILA's statute of limitations was therefore tolled until that time.  I disagree.

As Quicken correctly contends, TILA's statute of limitations begins to run when a borrower accepts a creditor's extension of credit.  *Davis v. Wilmington Fin., Inc.*, No. 09-1505, 2010 WL 1375363, at *5 (D.Md. Mar. 26, 2010).   Here, the Heaneys entered into a loan agreement with Quicken in September of 2008.   Under TILA, a claim must be brought within one year from the date of a violation under section 1650(a), or within three years from the date of a violation under sections 1639, 1639b, or 1639c.  *See* 15 U.S.C. § 1640(e).  According to any of these provisions, therefore, the Heaneys' TILA claim is untimely.

---

separation of the Note and Deed of Trust rendered both instruments null—courts addressing nearly identical challenges to an assignment of the Deed of Trust by MERS have concluded, on numerous occasions, that "assignments made through that system are valid." *See, e.g.*, *Parker v. Deutsche Bank Nat. Trust. Co.*, WMN-12-3358, 2013 WL 1390004, at *3 (D.Md. Apr. 3, 2013) (citing *Suss*, 2010 WL 2733097, at *5) (collecting cases)).   In affirming the legitimacy of the MERS assignment process, courts have routinely rejected the arguments raised by the Heaneys in this case.  It is unlikely, therefore, that MERS' assignment of the Deed of Trust—and thus, the servicing of the loan—to BANA relieved the Heaneys of their obligations under the loan.  As a result, there are multiple bases for finding that the Heaneys' proposed amendment to their claim for lack of standing to foreclose is futile.

Furthermore, the Heaneys have failed to adequately allege the facts necessary to plead their claim.  Specifically, the Heaneys do not identify any specific disclosures that Quicken either made inaccurately or omitted; nor do the Heaneys provide any information regarding the "more advantageous" loan products that they allege that Quicken should have offered to them.  The Heaneys also fail to explain how these alleged missteps caused them harm.  Indeed, the Heaneys have pleaded almost no facts whatsoever to support their allegations.  For this reason, I agree with Quicken that, with respect to the plaintiffs' TILA/ HOEPA claim, leave to amend would be futile, as it would not permit that cause of action to survive Quicken's motion to dismiss under Rule 12(b)(6).

> B.   *Violation of RESPA, 12 U.S.C. § 2606.*

In addition to seeking relief pursuant to TILA, the Heaneys assert a cause of action under RESPA.  According to the Heaneys, Quicken violated RESPA "because the payments between the Defendants were misleading and designed to create a windfall.  These actions were deceptive, fraudulent and self-serving." (Amended Compl. ¶ 76; ECF No. 29-2).   Once again, however, the Heaneys provide no factual basis for their claim.  Instead, they contend that the interest and income that Quicken gained is disproportionate to the benefit that the Heaneys derived from the loan.  The Heaneys do not, however, provide any concrete detail regarding the information that allegedly proves their claim, or that would permit the court to establish how, precisely, Quicken's actions were misleading. Because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss, the Heaneys have not stated a plausible claim for relief under § 2607.  *Twombly*, 550

U.S. at 570.  Furthermore, because the Heaneys' RESPA claim is insufficient on its face, leave to amend this count is denied.[5]

### C.   Rescission

Finally, the Heaneys maintain that, in light of (1) Quicken's TILA violation and (2) the alleged clouds hanging over the loan's securitization and title, the Heaneys are entitled to rescind their loan.  I disagree.  As the defendants correctly observe, the Heaneys appear to seek rescission as a remedy for Quicken's other alleged violations of law, rather than as an independent cause of action.  As a result, the Heaneys' claim depends on their ability to sustain viable claims under TILA and under a theory of imperfect chain of title.  As I have previously explained, however, the Heaneys have failed to state a viable claim on any of these grounds.  Nor do the Heaneys sufficiently allege a public policy that would warrant rescission in this case. Because the Heaneys have failed to identify any other ground on which to justify rescission of their loan, their motion for leave to amend their complaint is denied with respect to this count.

### III.   Counts V and VI:  The Heaneys' Claims for Negligence and Breach of Contract against BANA and Safeguard

### A.   Negligence

Because the winterization of the Heaneys' property allegedly resulted in mold and water damage, the Heaneys contend that BANA was negligent both (1) in its decision to winterize the house unnecessarily during the spring, and (2) via its principal–agent relationship with

---

[5]  As an additional matter, section 2607 has a one-year statute of limitations, *see* 12 U.S.C. § 2616, which may be tolled in cases of fraudulent concealment.  Because the Heaneys do not specifically allege fraudulent concealment in this case, however, their RESPA claim is, in addition to its other deficiencies, time-barred.

Safeguard, which BANA hired to complete the job.  BANA, however, contends that because it winterized the house pursuant to the contractual terms of the Deed of Trust and because the Heaneys suffered only financial damages as a result, the economic loss rule bars the plaintiffs' tort claims under these circumstances.  I agree.

Under Maryland law, the Heaneys must plead the following four elements to demonstrate BANA's negligence: (1) BANA was under a duty to protect the Heaneys from injury; (2) BANA breached that duty; (3) the Heaneys suffered actual injury or loss, and (4) BANA's breach of duty proximately caused the Heaneys' loss.  *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 916 A.2d 257, 270–71 (Md. 2007) (citations omitted).

Here, BANA argues that it owed no duty of care to the Heaneys outside of their contractual relationship.  Specifically, in order to impose a tort law duty on a bank to its customers, Maryland courts have considered both: (1) the nature of the harm likely to result from a failure to exercise due care, and (2) the relationship between the parties.  *Jacques v. First National Bank of America*, 307 Md. 527, 515 A.2d 756, 759–60 (Md.Ct.Spec.App. 1986).   With respect to the first factor, where economic loss is the only harm caused by an alleged breach of duty, the plaintiff must demonstrate an "intimate nexus" between the parties in order to establish that defendants owed a duty in that situation.  *See id.*

In this case, the allegedly negligent winterization of the Heaneys' property resulted in only economic damages—namely, the loss of a prospective buyer.  Moreover, the Heaneys have alleged no facts to demonstrate that a "special relationship" existed between BANA and the Heaneys that might give rise to an "intimate nexus."  *See Saravia v. Select Portfolio Servicing, Inc.*, No. 13-cv-1921, 2014 WL 2865798, at *4 (D.Md. June 23, 2014) (citing *Sargent Tech, Inc.*

*v. Micros Sys., Inc.*, 276 F.Supp.2d 464, 471–72 (D.Md. 2003) (citations omitted) ("Arms-length negotiations between representatives of commercial entities do not establish an intimate nexus."); *see also Yousef v. Trustbank Sav.*, *F.S.B.*, 81 Md.App. 527, 568 A.2d 1134, 1138 (Md.Ct.Spec.App. 1990) (concluding that a bank's relationship to a borrower in a loan transaction is contractual and not fiduciary).  For this reason, the Heaneys have failed to allege that BANA owed them a duty under tort law that was breached by Safeguard's winterization of the Heaneys' property.  The Heaneys therefore cannot state a claim for negligence and their proposed amendment is futile.

### B.  Breach of Contract

Finally, the Heaneys allege that BANA breached the Deed of Trust when it commissioned Safeguard to winterize the property.[6]  Although the Heaneys concede that the Deed of Trust permits but does not obligate BANA to protect the property through winterization, the Heaneys maintain that Deed of Trust imposes on BANA an implied obligation which BANA allegedly breached by retaining Safeguard and proceeding negligently.  BANA is correct, however, that the Heaneys have failed to allege the necessary facts regarding a breach of contract claim.  Specifically, although they argue that the Deed of Trust gave rise to an implied obligation to protect the property, the Heaneys provide no authority or evidence to support this allegation or to permit the court to identify the source or content of their proposed "implied obligation."  In view of this, and because the Deed of Trust contains no term obligating BANA to either (1) protect the house or (2) take or refrain from action related to the winterization of the property, the Heaneys have failed to state a plausible claim for breach of contract that could survive a

---

[6] The Heaneys plead their breach of contract claim for the first time in their proposed amended complaint.

12(b)(6) motion to dismiss.  Consequently, plaintiffs' leave to amend is denied as futile with respect to introducing a new claim for breach of contract.

## CONCLUSION

For the aforementioned reasons, the Heaneys' motion for leave to amend their complaint is denied with respect to the Heaneys' claims against BANA, MERS and Quicken.  BANA, MERS and Quicken's respective motions to dismiss are therefore granted.  A separate order follows.

____September 16, 2014____                    ____/s/_____
Date                                          J. Frederick Motz
                                              United States District Judge